IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,073-02






EX PARTE STEPHEN EDWARD TATRO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-07-10358 IN THE 155TH DISTRICT COURT


FROM WALLER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The First Court of Appeals affirmed his conviction. Tatro
v. State, No. 01-01-00523-CR (Tex. App.-Houston [1st Dist.], delivered April 17, 2003, pet. ref'd).

 On March 29, 2006, we remanded this application and directed the trial court to determine
whether trial counsel rendered ineffective assistance for not challenging the State's hearsay
objections and whether Applicant was entitled to a lesser-included offense instruction. On remand,
after appointing counsel and holding an evidentiary hearing, the trial court concluded, among other
things, that trial counsel rendered ineffective assistance and that the State engaged in prosecutorial
misconduct. The trial court recommended that Applicant be granted relief.

 We believe, however, that the record is not sufficient and that the trial court should make
further findings of fact. Specifically, the trial court shall determine: (1) what facts were in Lino
Garza's statement and why these facts were material, see Brady v. Maryland, 373 U.S. 83 (1963);
(2) what other witness statements were not disclosed, what facts were in these statements, and why
these facts were material; (3) whether the destruction of ballistics evidence was motivated by bad
faith, see Arizona v. Youngblood, 488 U.S. 51 (1988); (4) what facts were not presented as a result
of the State's objections to testimony from Glenn White, Patricia Barrett, Richard Tatro, Richard
Casper, Ken Young, and Al Barrett, and how these facts would have affected the result of the
proceeding; (5) how the testimony of a document examiner would have affected the result of the
proceeding; (6) what specific evidence in the record showed that Applicant was entitled to
instructions on self-defense, defense of property, and criminally negligent homicide; (7) how Ray
Pederson's unimpeached testimony and the State's "double misconduct" prejudiced Applicant; (8)
how counsel's requests for witness statements was deficient; (9) whether Applicant was indigent
when he requested the appointment of experts and whether he was prejudiced, given that he
requested $600 and received $500; and (10) whether the explanations in counsel's affidavit are
credible. 

 The trial court may provide Applicant's trial counsel with a second opportunity to respond
to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 Applicant appears to be represented by counsel. If not and the trial court elects to hold a
second evidentiary hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at
the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make further findings of fact as to whether the State engaged in
prosecutorial misconduct. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 5, 2008.

Do not publish.